UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRISTOPHER JAMES MEYER,

       Plaintiff,

  v.

DEAN P. SMITH, DOING BUSINESS AS MANGROVE MEDICAL GROUP; DEWAYE E. CAVINESS, DOING BUSINESS AS MANGROVE MEDICAL GROUP; DENNIS VICTOR WORTHINGTON, DOING BUSINESS AS MANGROVE MEDICAL GROUP; MEDICAL PROPERTIES INVESTMENT GROUP, and DOES 1 through 100, inclusive,

       Defendants.
_____/

NO. CIV. 08-01363 WBS EFB

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September 22, 2008.

///

I.   SERVICE OF PROCESS

With the exception of Dennis Victor Worthington, all named defendants have been served.  Plaintiff has thirty days from the date of this Order to serve Dennis Victor Worthington, after which time, no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 and 42 U.S.C. §§ 12101-12300 (Americans with Disabilities Act). Plaintiff has also asserted California state law claims and jurisdiction over those claims is predicated on 28 U.S.C. § 1367. Venue is undisputed and is hereby found to be proper.

IV.   DISCOVERY

The parties have stipulated that to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than October 20, 2008.

The parties shall disclose any experts and any produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than March 9, 2009.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of

Civil Procedure on or before April 6, 2009.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by July 2, 2009.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) no later than July 2, 2009.

V.   <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be filed on or before August 31, 2009.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.   <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for November 2, 2009, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for

oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

### VII.  TRIAL SETTING

The jury trial is set for January 5, 2010 at 9:00 a.m. The parties anticipate that the trial will last three to four court days.

### VIII.  SETTLEMENT CONFERENCE

The parties have expressed an interest in pursuing the Voluntary Dispute Resolution Program, which they may pursue pursuant to Eastern District Local Rule 16-271(c)(3).

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.  MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED:  September 19, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE